IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| C.D., a minor, by and through his parent and next friend, CHARLETTE EASTER, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDEPENDENT SCHOOL DISTRICT )<br>NO. 103 OF LINCOLN COUNTY, )<br>OKLAHOMA, a/k/a PRAGUE SCHOOL )<br>DISTRICT, a/k/a PRAGUE PUBLIC )<br>SCHOOLS, )<br>Defendant. ) | Case No. CIV-22-1034-SLP |

**O R D E R**

Before the Court is the Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 12] filed by Defendant Prague Public Schools ("the School District"). Plaintiff has responded, *see* [Doc. No. 14], and the School District has replied, *see* [Doc. No. 16]. For the following reasons, the Motion is GRANTED.

**I.     Background**[1]

The School District employed Billy Joe Smith as a teacher for 32 years. Am. Compl. [Doc. No. 8] ¶ 14. Mr. Smith groomed male students and "preyed on" them "[w]hile on the School District grounds and during school hours." *Id.* ¶¶ 9, 12. On March 11, 2019, Plaintiff, a minor student, "made an outcry that Mr. Smith had raped him," triggering an

---

[1] The Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Because Plaintiff is proceeding through counsel, his filings are not entitled to liberal construction. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

1

investigation into the teacher.[2]  *Id.* ¶ 15.  During the investigation, a second boy came forth with similar allegations against Mr. Smith.  *Id.* ¶ 17.  Law enforcement officers then interviewed Mr. Smith, who died by suicide less than 12 hours later.  *Id.* ¶ 19.  After that, the Lincoln County District Attorney "set up a coordinated community response team to identify potential victims and provide counseling and other services."  *Id.* ¶ 20.  As a result, "multiple people" came forward with similar allegations against Mr. Smith.  *Id.*

Plaintiff has sued the School District for violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Count I), and for creating a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (Count II).  The School District has moved to dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although Plaintiff responded to the Motion, the majority of that five-page document simply summarizes and quotes from the Amended Complaint rather than providing substantive legal arguments.

**II.   Governing Standard**

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

---

[2] It is not clear whether Plaintiff made this "outcry" to a school employee, a law enforcement officer, or someone else—e.g., a family member.

requires a litigant to plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under this standard, the Court first identifies "the allegations in the complaint that are not entitled to the assumption of truth,"—i.e., legal conclusions and bare assertions. *Id*. at 679–81. It then evaluates the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Accordingly, "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Although "Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims." *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012). "While '[s]pecific facts are not necessary,' some facts are." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Section 1983 Claims

In his first cause of action, Plaintiff claims the School District violated his constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 provides that any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the

United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Plaintiff seeks redress under § 1983 for violations of his substantive due process and equal protection rights, as guaranteed by the Fourteenth Amendment, and his Fourth Amendment rights.

### 1. Substantive Due Process

First, Plaintiff alleges that the School District deprived him of his "fundamental rights to physical safety and to be free from the infliction of unnecessary emotional pain and humiliation." Am. Compl. [Doc. No. 8] ¶ 28. The School District seeks dismissal pursuant to Rule 12(b)(6), arguing Plaintiff has not "allege[d] facts which tend to show that action by the District Board of Education, or a custom or practice" caused the deprivation of Plaintiff's rights. Def.'s Mot. [Doc. No. 12] at 10. The Court agrees.

Plaintiff's Amended Complaint includes a considerable list of purported Fourteenth Amendment violations. He claims "[t]he School District denied Plaintiff his rights to Due Process and Equal Protection of the Law by" (1) "[f]ailing to enact and implement adequate policies concerning sexual harassment, misconduct and abuse;" (2) "[f]ailing to remove Smith;" (3) "[f]ailing to prevent male students from being alone with Smith;" (4) "[f]ailing to investigate Smith properly, before and after these referenced allegations;" (5) "[f]ailing to hire, train, supervise, and retain Smith properly;" (6) "[f]ailing to adequately train and supervise its employees;" and (7) "[e]xhibiting deliberate indifference to the sexual misconduct exhibited by Smith." Am. Compl. [Doc. No. 8] ¶ 30. Similarly, he claims "[t]he School District has an unconstitutional custom or policy of" (1) "[f]ailing to report criminal misconduct;" (2) "[f]ailing to investigate criminal misconduct;" (3) "[d]iscounting

4

the credibility of the allegations of students," and (4) "[f]ailing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of adolescents." *Id.* ¶ 31.

The only Defendant in this case is the School District, which is a local governmental entity. *See Ware v. Unified Sch. Dist. No. 492*, 902 F.2d 815, 817 (10th Cir. 1990). The mere fact that one of the School District's employees injured Plaintiff is not sufficient to establish a constitutional violation cognizable under § 1983. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010). "Rather, a municipality is responsible only for (1) actions taken by subordinate employees in conformity with preexisting official policies or customs and (2) actions taken by final policymakers . . . .'" *Whitson v. Bd. of Cnty. Comm'rs of Cnty. of Sedgwick*, 106 F.4th 1063, 1066–67 (10th Cir. 2024) (quoting *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1159 (10th Cir. 2015)). The parties agree the School District's board of education has final policy making authority. *See* Am. Compl. [Doc. No. 8] ¶ 27; Def.'s Mot. [Doc. No. 12] at 11; *see also* Okla. Stat. tit. 70, § 5-117(14). Plaintiff does not plead any facts related to actions taken by the board, however.

So to avoid dismissal under Rule 12(b)(6), Plaintiff must allege sufficient facts to plausibly demonstrate "(1) that a [School District] employee committed a constitutional violation; and (2) that a [School District] policy or custom was the moving force behind the constitutional deprivation." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004); *see also Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1320 (10th Cir. 1998). As to the second element, "[a]n official policy or custom may take many forms,

including 'a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.'" *Blueberry v. Comanche Cnty. Facilities Auth.*, 672 F. App'x 814, 816–17 (10th Cir. 2016) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)). "Although the existence or nonexistence of such a policy, practice, or custom is a question of fact for the jury, it is not a fact that can be baldly asserted at the pleading stage." *Abila v. Funk*, No. CV 14-1002 JB/SMV, 2016 WL 9021834, at *17 (D.N.M. Dec. 14, 2016) (citations omitted).

As an initial matter, many of the allegations in the Amended Complaint "are not entitled to the assumption of truth because they are entirely conclusory."[3] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Sweeping away those conclusory allegations, the Amended Complaint alleges that: (1) Mr. Smith groomed and "repeatedly preyed on male students" during school hours and on school grounds, (2) "Plaintiff made an outcry that Mr. Smith

---

[3] For example, Plaintiff alleges that "[u]pon information and belief, the School District had previously been on notice of Smith's inappropriate actions but ignored the notice." [Doc. No. 8] ¶ 23. Similarly, he contends: "Upon information and belief, these activities of Smith occurred even after parents and students informed the School District of the sexual predator's misconduct via the School District's agents and employees." *Id.* ¶ 10. While allegations may be made on information and belief, such allegations must be "supported by specific facts asserted by the Complaint." *Moore v. Kobach*, 359 F. Supp. 3d 1029, 1040 (D. Kan. 2019); *see also Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) ("Allegations . . . may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge *and the complaint sets forth the factual basis for the plaintiff's belief*." (emphasis added)). The Amended Complaint contains no factual basis supporting Plaintiff's assertion that the School District knew about Mr. Smith's misconduct prior to his report.

6

had raped him," (3) "[d]uring the law enforcement investigation a second boy, this one in foster care, them [sic] came forward wth [sic] similar allegations," (4) following the establishment of the "coordinated community response team . . . [m]ultiple people responded and came forward to report being abused by Smith," and (5) Mr. Smith died by suicide less than 12 hours after meeting with law enforcement. [Doc. No. 8] ¶¶ 9, 15, 17, 19–20.

These facts, taken as true, do not identify "conduct properly attributable to the [School District]," let alone "demonstrate that, through its deliberate conduct, the [School District] was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff does not identify either a formal regulation or policy, nor a final decision by a policymaker. The Amended Complaint also lacks sufficient facts to plausibly allege the existence of a well-settled custom or practice. "Establishing an informal policy or custom requires the plaintiff to show that the misconduct was 'widespread'—i.e., that it involved a 'series of decisions.'" *Abila*, 2016 WL 9021834, at *17 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). At the pleading stage, "[t]he plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists." *Id.* The Amended Complaint includes allegations that Mr. Smith abused Plaintiff and a second child, but "two incidents do not rise to the level of a policy or custom . . . sufficient to impose liability under § 1983." *Leach v. City of Guymon*, No. CIV-06-684-M, 2007 WL 2463258, at *4 (W.D. Okla. Aug. 27, 2007); *see also Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014) ("Although this court has not adopted any bright-

7

line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice.").

Finally, Plaintiff has not plausibly alleged that the School District failed to train its employees or acted with deliberate indifference. Although the Amended Complaint alleges the School District "[e]xhibit[ed] deliberate indifference to the sexual misconduct exhibited by Smith," Plaintiff does not address this claim in his Response. [Doc. No. 8] ¶ 30(g). In the municipal liability context, a "failure to train must 'reflect [ ] a 'deliberate' or 'conscious' choice by a municipality," which may inferred "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Notice is typically demonstrated by "the existence of a pattern of tortious conduct," although it may also be shown "if a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction." *Id.* (quoting *Brown*, 520 U.S. at 409). Beyond his conclusory allegation that "the School District had previously been on notice of Smith's inappropriate actions but ignored the notice," Am. Compl. [Doc. No. 8] ¶ 23, Plaintiff identifies only one similar allegation—which was made *after* Plaintiff reported Mr. Smith's abuse. *Cf. Keith v. Koerner*, 707 F.3d 1185, 1190 (10th Cir. 2013) (affirming denial of motion to dismiss where plaintiff "alleged facts indicating previous incidents of both sexual misconduct and undue familiarity, inconsistent disciplinary responses to such incidents, structural policy problems at TCF, and a lack of appropriate

8

training programs"). Accordingly, Plaintiff has failed to plead sufficient factual allegations to support a § 1983 claim premised on deliberate indifference or a failure to train.

Plaintiff's reliance on the danger-creation exception is similarly unavailing. *See* Am. Compl. [Doc. No. 8] ¶¶ 34–44. That doctrine is a "narrow exception" to the general rule that a state actor cannot be held liable under § 1983 for the acts of third parties. *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). To invoke the exception, however, "a plaintiff must establish as a threshold matter (1) private violence, and (2) affirmative conduct on the part of the state in placing the plaintiff in danger."[4] *Hernandez v. Ridley*, 734 F.3d 1254, 1259 (10th Cir. 2013).

In this case, the Amended Complaint contains no allegations about an *affirmative* act taken by the district. Instead, Plaintiff contends "[t]he School District created the danger or increased the Plaintiff's vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Mr. Smith from its School District after receiving notice of his misconduct." Am. Compl. [Doc. No. 8] ¶ 39. Setting aside the conclusory nature of this allegation, it identifies only *inaction* by the District—not an affirmative act. Allegations of mere inaction are insufficient to invoke the danger-creation exception. *Est. of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) ("Our precedents consistently conclude that mere negligence or inaction is not enough.");

---

[4] If those two preconditions are met, the plaintiff must then satisfy a six-part test to establish a prima facie case. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008). Because the Amended Complaint is deficient with respect to the two preconditions, the Court does not analyze these additional factors.

*Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 995 (10th Cir. 1994) ("[A]lleged nonfeasance in the face of specific information which would mandate action does not invoke the protections of the Due Process Clause.").

Additionally, the "affirmative conduct" requirement "typically involves conduct imposing 'an immediate threat of harm, which by its nature has a limited range and duration,' and is 'directed at a discrete plaintiff rather than the public at large.'" *Hernandez*, 734 F.3d at 1259 (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)). Here, Plaintiff alleges "[t]he School District created a dangerous environment for its male minor students, including Plaintiff." Am. Compl. [Doc. No. 8] ¶ 36. The Court previously found nearly identical language to be insufficient under the danger-creation exception. In *Stockbridge v. Dawson*, Case No. CIV-18-1261-SLP (W.D. Okla. Sept. 11, 2019), a student alleged that her math teacher solicited nude photos and coerced her into a relationship. She sued the school district under § 1983 for violating her substantive due process rights, arguing the district "created 'a dangerous environment for its students, including Plaintiff' and that the group of endangered individuals included 'all female, minor students.'" *Id.* at 10 (quoting plaintiff's second amended petition). This Court concluded that "the risk allegedly created by the School District in hiring [the teacher] was not adequately particularized as to Plaintiff." *Id.* Plaintiff's nearly identical allegations here compel the same result. Accordingly, Plaintiff has failed to plead sufficient facts to invoke the danger-creation doctrine and, therefore, to demonstrate a deprivation of his due process rights under § 1983.

10

### 2. Equal Protection

Plaintiff's equal protection claim is similarly flawed. He claims the School District violated his civil rights under the Equal Protection Clause of the Fourteenth Amendment.[5] Am. Compl. [Doc. No. 8] ¶¶ 30, 33. Under the Fourteenth Amendment, " [n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The School District urges the Court to dismiss this claim because the Amended Complaint includes no factual allegations "that some custom or policy resulted in the deprivation." Def.'s Mot. [Doc. No. 12] at 19. Plaintiff's Response does not address this particular argument.

To be sure, "sexual harassment by a state actor can constitute a violation of the equal protection clause." *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1249 (10th Cir. 1999). But to hold the School District liable for Mr. Smith's predatory behavior, Plaintiff must still plead facts sufficient to "demonstrate that [Mr. Smith's] discriminatory actions are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority," or that the "the discriminatory practice is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (quotation omitted). As discussed in more detail above, Plaintiff has not pointed to any official policy or act taken by an official with final policy making authority. And, as with his due process claim, Plaintiff does not allege any facts suggesting the School District had

---

[5] Again, the specific basis for Plaintiff's equal protection claim is not entirely clear, as the Amended Complaint alleges myriad ways "[t]he School District denied Plaintiff his rights to Due Process and Equal Protection of the Law." [Doc. No. 8] ¶ 30.

11

an informal policy that enabled Mr. Smith to abuse male students. Thus, his § 1983 claim is subject to dismissal to the extent it is based on a violation of his equal protection rights. *Cf. Stockbridge v. Dawson*, Case No. CIV-18-1261-SLP (W.D. Okla. Sept. 11, 2019).

### 3. Fourth Amendment

The final facet of Plaintiff's § 1983 claim is that the School District violated his Fourth Amendment rights. Am. Compl. [Doc. No. 8] ¶ 33. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[6] Under the Fourth Amendment, "a 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement . . . but only when there is a governmental termination of freedom of movement *through means intentionally applied*." *Doe v. Bd. of Educ. of City of Chicago*, 611 F. Supp. 3d 516, 535 (N.D. Ill. 2020) (alteration in original) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998)). The Fourth "Amendment's prohibition on unreasonable searches and seizures applies to searches conducted by public school officials." *New Jersey v. T.L.O.*, 469 U.S. 325, 333 (1985).

The Complaint does not indicate the precise basis for relief—i.e., it is unclear whether Plaintiff is alleging an unlawful search, seizure, or both. As the School District points out, however, other courts have rejected the theory that sexual assault by a teacher

---

[6] The Fourth Amendment is enforceable against the states through the Fourteenth Amendment. *Bailey v. United States*, 568 U.S. 186, 192 (2013).

constitutes either an unlawful search or seizure under the Fourth Amendment. *See, e.g.*, *E.N. v. Susquehanna Twp. Sch. Dist.*, No. 1:09-CV-1727, 2010 WL 4853700, at *5 (M.D. Pa. Nov. 23, 2010) (dismissing Fourth Amendment claim because student alleged only "the commission of a sexual assault by a rogue actor" and not "an invasion of privacy during the course of an investigation"); *Doe*, 611 F. Supp. 3d at 535 (dismissing similar claim where allegation that teacher's assistant "improperly touched" student "d[id] not permit an inference that [assistant] was 'searching' [student] for something within the meaning of the Fourth Amendment," and there were "no facts to suggest that [assistant's] actions were motivated by an intent to restrict [student's] freedom of movement"); *SF ex rel. Freeman v. Delaware Valley Sch. Dist.*, No. 3:08CV581, 2008 WL 4680580, at *6 (M.D. Pa. Oct. 20, 2008) ("There is no question that [student] was unreasonably subjected to a violation of her person, but the Court does not believe that [teacher's] actions were within the scope of the Fourth Amendment's protection against searches and seizures.").

Plaintiff's Response provides no legal analysis or support for the proposition that a teacher's sexual abuse of a student can form the basis for a Fourth Amendment violation. But even if the sexual assault of a student could constitute a Fourth Amendment violation in some case, Plaintiff pleads no facts suggesting that an illegal search or seizure occurred in this case. The Amended Complaint does not include any allegations regarding the contact between Plaintiff and Mr. Smith beyond the high-level assertions that Plaintiff "was a victim of" Mr. Smith's, "made an outcry that Mr. Smith had raped him," and "suffered sexual harassment, sexual assault, rape, and deprivation of body integrity" at the hands of Mr. Smith. Am. Compl. [Doc. No. 8] ¶¶ 11, 15, 22. Accordingly, he has failed to state a

13

claim with respect to a violation of his Fourth Amendment rights.

### B. Title IX

The second cause of action alleges that the School District "created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972." Am. Compl. [Doc. No. 8]. Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681. "Sexual harassment is a form of discrimination on the basis of sex and is actionable under Title IX." *Escue v. N. OK Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006).

"A school district that receives federal funds is not vicariously liable to its students for all sexual harassment caused by teachers, but a student may hold a school liable for its own misconduct." *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1053 (10th Cir. 2023) (quotation omitted). A student seeking relief under this theory must demonstrate:

> (1) an appropriate person . . . with authority to take corrective action to end the discrimination (2) had actual knowledge of discrimination in the recipient's programs but (3) fail[ed] adequately to respond in a manner amounting to deliberate indifference, and (4) the harassment was so severe, pervasive and objectively offensive that it . . . deprived the victim of access to the educational benefits or opportunities provided by the school.

*Id.* (alterations in original) (citations and quotations omitted).

The majority of the Amended Complaint includes legal conclusions that are not entitled to the presumption of truth at this stage. *See, e.g.*, [Doc. No. 8] ¶ 46 ("The School District's disregard of the sexual misconduct of Mr. Smith was so severe and objectively

14

offensive that it deprived Plaintiff of educational opportunities and benefits provided by their public schooling."). The remaining factual allegations, taken as true, do not plausibly state a claim for relief. Plaintiff alleges that he "made an outcry that Mr. Smith had raped him," after which law enforcement began investigating. *Id.* ¶¶ 15–16. After a second child made similar allegations, investigators met with Mr. Smith, who died by suicide less than 12 hours later. *Id.* ¶¶ 17–19. Eventually, several other people accused Mr. Smith of similar behavior after the district attorney "set up a coordinated community response team." *Id.* ¶ 20. None of these facts permit the inference that the School District had actual knowledge about any abuse prior to Plaintiff's report, let alone that it acted with deliberate indifference. Simply put, the Amended Complaint is devoid of any nonconclusory factual allegations about conduct *by the School District* that would permit Plaintiff's Title IX claim to move forward. Accordingly, the claim is subject to dismissal.

Plaintiff's Response [Doc. No. 14] comes close to conceding the Amended Complaint, in its current form, is insufficient to state a claim.[7] He points to "the difficulty encountered by Mr. Smith's . . . suicide" and his assertions "that '[u]pon information and belief, the multiple reports of sexual abuse by Mr. Smith occurred over decades with prior notice to the School District' and '[u]pon information and belief, the School District had

---

[7] Additionally, Plaintiff's Response relies on a broader pleading standard than the one he must satisfy to survive dismissal. He urges the Court not to dismiss the action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief." Resp. [Doc. No. 14] at 4 (quoting *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003)). But *Twombly*'s more stringent plausibility standard replaced the "no set of facts" standard, so a suggestion "that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

previously been on notice of Smith's inappropriate actions but ignored the notice." [Doc. No. 14] at 2–3 (quoting Am. Compl. [Doc. No. 8] ¶¶ 21, 23). He then notes that "[v]erification of this information and belief will require a Protective Order from this Court to attain law enforcement, DHS records, FERPA records and ensuing discovery." *Id.* at 3 n.3. Similarly, he claims the action should not be dismissed until "Plaintiff's counsel [is allowed] the mere opportunity to ferret out these truths." *Id.* at 4.

But "[d]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Shelton v. Sha Ent., LLC*, No. CV-20-644-D, 2020 WL 6389858, at *2 (W.D. Okla. Oct. 30, 2020) (quoting *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)). Although Mr. Smith's alleged conduct toward Plaintiff is abhorrent, it does not entitle him to seek discovery against the School District without satisfying the applicable pleading standards. For the reasons previously stated, Plaintiff has "failed to allege facts that are sufficient 'to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.  Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 12] is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 28th day of August, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE